Faustino PADILLA MAULINO; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71611.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 20, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Venu Alagh, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Frances M. McLaughlin, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Faustino Padilla Maulino, his wife, Marilou Soto Maulino, and their children, Jeffrey, Jennifer and Jackielou Maulino, petition for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") decision denying their applications for asylum, and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. When the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence the IJ's denial of eligibility for asylum and withholding of removal. *See Taha v. Ashcroft,* 362 F.3d 623, 626 (9th Cir.2004). We deny the petition for review.

Maulino failed to establish that the New People's Army ("NPA") was motivated by one of the statutory grounds. The record does not establish, much less compel, the conclusion that Maulino expressed political opposition to the NPA, and was persecuted for that expressed opinion, *cf. Borja v. INS,* 175 F.3d 732, 736 (9th Cir.1999) (en banc), or that the NPA imputed a political opinion to Maulino, *cf. Agbuya v. INS,* 241 F.3d 1224, 1229–30 (9th Cir.2001).

Because Maulino does not satisfy the standard for asylum, he necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1253 (9th Cir. 2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Maulino's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.